HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

    Plaintiff,

v.

COOKE AQUACULTURE PACIFIC, LLC,

    Defendant.

Case No. 2:17-cv-01708-JCC

PLAINTIFF'S MOTION TO DETERMINE INSUFFICIENT DEFENDANT'S ANSWERS TO REQUESTS FOR ADMISSION

NOTE ON MOTION CALENDAR:
February 1, 2019

**I.    MOTION.**

Plaintiff Wild Fish Conservancy ("Conservancy") hereby moves under Rule 36(a)(6) and respectfully requests the Court enter an order determining that Defendant Cooke Aquaculture Pacific's ("Cooke") answers to thirty-three requests for admission are inadequate and directing that the requests be deemed admitted or that amended answers be served.

The Conservancy has conferred with Cooke in a good faith effort to resolve this dispute without court action. Decl. of Brian A. Knutsen ("Knutsen Decl."), ¶ 15, pp. 116–18, 121, 125.

---

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 1
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

## II. INTRODUCTION.

Cooke is required by its Clean Water Act ("CWA") permits to inspect the anchors and other mooring components of its Atlantic salmon farms in Puget Sound once each year and to document the inspections. Operational plans Cooke prepared under permit requirement do not, on their face, comply with the annual inspection requirements; rather the plans call for inspecting some components every three years and others every six years.

The Conservancy has therefore sought to determine which years inspections did and did not occur through focused interrogatories, requests for admission, and a deposition notice. Cooke has repeatedly objected to and obstructed these efforts, insisting that instead of Cooke simply stating when it conducted the legally required inspections, the parties should wait until Cooke eventually completes its document production and then construct arguments as to whether inspections occurred based on hundreds of thousands of pages of business records. That is inconsistent with Rules' primary objective of securing a "just, speedy, and inexpensive determination" of litigation. *See* Fed. R. Civ. P. 1.

Cooke's answers to straightforward requests for admission as to whether annual inspections occurred are evasive and nonresponsive. Cooke claims that it is unable to admit or deny many requests, while also refusing to state that it conducted a reasonable inquiry and that it lacks sufficient information as required. Cooke partially denies other requests, asserting that some components were inspected and evasively stating that other components "may" also have been inspected. These responses do not comply with Rule 36.

## III. RULE 36 REQUESTS FOR ADMISSION.

Rule 36 provides that a party "may serve on any other party a request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 2
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

to fact, or opinions about either." Fed. R. Civ. P. 36(a). Requests for admission are a "discovery device" that allow parties to "expedite trial by establishing certain material facts as true and thus narrow[] the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245, 1248 (9th Cir. 1981); *see also* Wagstaffe, et al., *Federal Civil Procedure Before Trial* § 11:1970 (Rutter Group 2015) (requests for admission are "a discovery device" that enable a party to determine the opposing party's contentions and to narrow the scope of the case).

A party must respond to a request for admission within thirty days by either admitting the matter, by specifically denying the matter, or by stating "in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(3)–(4). Further:

> A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If an answer does not comply with the rule, the Court "may order either that the matter is admitted or that an amended answer be served." *Id.*

## IV.  STATEMENT OF FACTS.

Cooke owns and operates commercial Atlantic salmon farms in Puget Sound. *See* Dkt. 1, ¶ 15; Dkt. 15, ¶ 15. These facilities rear the non-native fish in floating permeable containers referred to as net pens. Dkt. 1, ¶ 25; Dkt. 15, ¶ 25. There were eight such farms prior to the collapse of one during the summer of 2017; seven net pen facilities remain. *See* Dkt. 1, ¶¶ 25, 33; Dkt. 15, ¶¶ 25, 33. The Conservancy alleges in this citizen suit that Cooke is in violation of its

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 3
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

National Pollutant Discharge Elimination System ("NPDES") permits issued under the CWA for the net pens. Dkt. 1, ¶¶ 27–29, 39–55.

The NPDES permits for the salmon farms, which are substantially identical, impose conditions intended to ensure that Cooke minimizes discharges of pollutants, including of non-native Atlantic salmon reared in the net pens, and that it reduce risks of facility failures. *See, e.g.*, Knutsen Decl. 6–29. The permits require Cooke to prepare and implement a Pollution Prevention Plan and a Fish Release and Monitoring Plan and the permits specify certain minimum requirements for the plans. *Id.* The Pollution Prevention Plan must provide for annual inspections of all "anchoring components above and below the water line" and require that Cooke "[d]ocument any problems and maintain all components to prevent failure that could lead to fish escapements." *E.g.*, *id.* at 7. Similarly, the Fish Release Prevention and Monitoring Plan must address the "[i]dentification and implementation of technology that will minimize fish escapements." *E.g.*, *id.* at 8.

Cooke has prepared four Pollution Prevention Plans since October 14, 2012, which is the applicable statute of limitations period. *See id.* at 48. The first three of those plans vaguely called for inspections of mooring components below the water to occur "periodically." *See id.* at 54, 57, 60. Those plans did not require documentation of the inspections. *See id.* Cooke's current Pollution Prevention Plan went into effect in October 2017 and calls for annual inspections of below water components and documentation of the inspections. *Id.* at 63–64.

Cooke also has had four Fish Release Prevention and Monitoring Plans in place during the applicable limitations period. *See id.* at 49, 76. The earlier two of those plans, which collectively were in effect until January 2017, provided that "[h]igh-current-end moorings will be visually inspected underwater every three years by divers or remotely operated underwater

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 4
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

cameras" and that other moorages would be inspected every six years *Id.* at 68, 72. The Fish Release Prevention and Monitoring Plan that went into effect in January 2017 also provided that high-current-end moorings would be inspected every three years, but omitted any inspection requirements for other moorings. *Id.* at 74. Cooke recently prepared an October 2018 Fish Release Prevention and Monitoring Plan that requires annual inspections of below water components. *Id.* at 77. All four of the Fish Release Prevention and Monitoring Plans required that Cooke maintain records of its inspections. *Id.* at 68, 72, 74, 77.

Given that Cooke's own plans throughout most of the limitations period indicate that Cooke was not inspecting all underwater anchoring components annually as required by the NPDES permits, the Conservancy has sought to determine which years inspections did and did not occur. The Conservancy issued an interrogatory on March 28, 2018 requesting that Cooke "describe"—defined to require identification of relevant dates, locations, and documents—inspections at the net pens since 2010. *Id.* at 32–33. Cooke objected, stating that "answers can be better obtained through review of documents" it will produce and vaguely responded that:

> Below water mooring system components that are less than 100 feet in depth . . . are inspected annually by divers. The current Pollution Prevention Plans specify that mooring components greater than 100 feet deep will be inspected by remotely operated underwater vehicles or a contracted dive service, with the last such inspection conducted . . . in the later part of 2017 . . . .

*See id.* at 39–40. Cooke thus refused to describe any particular inspection of its moorings.

The Conservancy therefore issued requests for admission on August 3, 2018 intended to elicit focused answers on Cooke's compliance with the requirement to conduct annual inspections of underwater anchoring components. The requests asked Cooke to admit, for each net pen, that it did not inspect all below water anchoring components for each calendar year from

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 5
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

2012 through 2017. *See, e.g., id.* at 93–95. The Conservancy included similar requests that were specific to anchoring components at a depth of more than 100 feet. *See, e.g., id.* at 93–95.

Cooke objected to the requests, asserting that they were overly burdensome, and suggested the Conservancy must instead divine whether inspections occurred by "waiting to see" documents Cooke will eventually provide. *See id.* at 80–81 (Cooke accused the Conservancy of "shirking is discovery obligations" by requesting that Cooke admit or deny whether it conducted legally required inspections). Cooke also asserted that the Conservancy should use other discovery tools, such as interrogatories, to discover these facts. *Id.* at 89. Following conferral, the Conservancy withdrew many of the requests and provided nearly three months for Cooke to respond to the remainder. *See id.* at 85–86. Cooke answered the remaining requests, including those pertaining to inspections of anchoring components below 100 feet, on October 31, 2018. *See id.* at 92–113.

Seven of the eight net pens have anchoring components below 100 feet. *Id.* at 93, 96–97, 99, 102, 105, 108, 111. Cooke's responses as to whether annual inspections of those components occurred from 2012 through 2017 fall into three categories. For nine of the requests, Cooke denies that the inspections did not occur. *Id.* at 95, 98, 101, 104, 106–07, 109–10, 113.[1] For sixteen requests, Cooke asserts that it does not have sufficient information to admit or deny whether the inspections occurred and it therefore denies the requests on that basis. *Id.* at 93–94, 97, 99–100, 103, 109, 112.[2] Cooke does not explain why it is unable to admit or deny those

---

[1] Cooke denies Request for Admission Nos. 39, 113, 150, 187, 223–24, 261, and 298. Cooke's counsel has communicated that Cooke will supplement its answers to also deny Request for Admission No. 182.

[2] Cooke asserts a lack of sufficient information with respect to Request for Admission Nos. 34–38, 108–10, 145, 147, 183–84, 259–60, and 296–97. Cooke also asserted a lack of sufficient information for Request for Admission No. 182, but its counsel has represented that the request will be denied through a supplemental answer.

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 6
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

requests, nor does Cooke state that it made a reasonable inquiry and that the information known or readily obtainable was insufficient to enable Cooke to admit or deny. *See id.* Cooke denies in part the remaining seventeen requests, explaining that, "[b]ased on a review of business records," some anchoring components were inspected and that others "may have also been inspected." *Id.* at 97–98, 100–01, 103–06, 108–09, 111–12.[3] The parties conferred on the adequacy of Cooke's answers, but were unable to resolve the dispute. *Id.* at ¶ 15 and pp. 115–28. Cooke has indicated, however, that it may supplement the answers at some point. *See id.* at 121.

The Conservancy has repeatedly requested that Cooke identify where in its document production information on these underwater inspections can be found, but Cooke has refused to provide further information. *See id.* at 118, 128. The Conservancy issued a notice on December 13, 2018 seeking to depose Cooke on January 18, 2019 on various issues, including annual inspections of anchoring components. *Id.* at 130–32. Cooke responded on January 9, 2019, claiming that it needs "several months to prepare" for the deposition and suggesting again that the Conservancy should rely upon interrogatories and document requests. *Id.* at 137–39. Review of documents produced by Cooke have yet to locate any reports documenting annual inspections of all underwater anchoring components for the net pens. *See id.* at 128.

V.   ARGUMENT.

"Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Medical Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). Cooke's answers fall far short of the letter and the spirit of Rule 36.

---

[3] Cooke provides these partial denials for Request for Admission Nos. 111–12, 146, 148–49, 185–186, 219–22, 256–58, and 293–95.

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 7
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

Cooke's plans require that it maintain records of inspections. Yet, Cooke claims that it lacks information to admit or deny whether various inspections occurred, while also refusing to state that it made a reasonable inquiry and that the information available is insufficient. With respect to the partial denials, Cooke refuses to admit, deny, or claim a lack of knowledge with respect to the matters it does not specifically deny; instead, Cooke vaguely asserts that other inspections "may" have occurred. Finally, Cooke's suggestion that it may supplement answers as some undefined point does not cure the inadequacy its response. *See House v. Giant of Md., LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005) ("Gamesmanship in the form of non-responsive answers [and] vague promises of a future response . . . can result in the request being deemed admitted . . . ."). Notably, the requests at issue address a relatively small number of inspections—six annual inspections at seven net pens—Cooke should know whether these occurred.

### A. **Cooke Refuses to State that it Made a Reasonable Inquiry and that it Lacks Sufficient Information**.

Rule 36 explicitly provides that a party may assert a lack of sufficient knowledge or information "only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Cooke has violated this rule by asserting a lack of knowledge in response to sixteen requests for admission without claiming that it made a reasonable inquiry and that the information it knows or can readily obtain is insufficient for it to admit or deny.

"This requirement is not merely a semantic exercise; the answering party must actually make a 'reasonable inquiry' prior to asserting lack of knowledge." *Casun Invest, A.G. v. Ponder*, No. 2:16-cv-02925-JCM-GWF, 2017 U.S. Dist. LEXIS 144668, *20 (D. Nev. Sept. 6, 2017) (citation omitted). The rule requires:

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 8
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

> the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."

*A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) (citation omitted).

Cooke's refusal to confirm that it conducted a reasonable inquiry as required by the rules is disconcerting. Cooke's Fish Release Prevention and Monitoring Plans throughout the limitations period have required that Cooke maintain records of inspections of the mooring, as does the current Pollution Prevention Plan. Knutsen Decl. 63–64, 68, 72, 74, 77. Moreover, Cooke must hire divers or remotely operated vehicles for the inspections at issue—those of moorings more than 100 feet deep. *See id.* at 63. Cooke's assertion that it lacks sufficient information to admit or deny whether these legally required inspections occurred is therefore exceedingly suspect, and would be so even had Cooke claimed to have conducted the required inquiry. *See Asea, Inc.*, 669 F.2d at 1246–47 (an answer is not sufficient "merely because it includes a statement that the party has made a reasonable inquiry[;]" such a response violates the rule "if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter" (quoting Fed. R. Civ. P. 36(a)(4)).

Cooke responded to sixteen requests for admission by asserting a lack of sufficient knowledge without confirming that it conducted the required inquiry and that it lacks sufficient information to admit or deny.[4] These responses should be deemed admitted or, at a minimum, amended answers should be required. *See* Fed. R. Civ. P. 36(6); *Asea, Inc.*, 669 F.2d at 1245.

---

[4] These are Cooke's Responses to Request for Admission Nos. 34–38, 108–10, 145, 147, 183–84, 259–60, and 296–97.

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 9
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

Given that Cooke alone has information needed to admit or deny these requests, Cooke should be required to describe the nature of its inquiry if it persists in claiming that it lacks the ability to admit or deny. *See United States v. Town of Colo. City*, No. 3:12-cv-8123-HRH, 2014 U.S. Dist. LEXIS 47132, *4–5 (D. Ariz. March 31, 2014) (requiring a party provide amended answers that describe the extent and nature of its inquiries if it continues to assert a lack of knowledge); *Fed. Trade Comm'n v. Johnson*, No. 2:10-cv-02203-MMD-GWF, 2013 U.S. Dist. LEXIS 139592, *23 (D. Nev. Sept. 25, 2013) (same).

>    B.    **Cooke's Partial Denials Fail to Fully Admit, Deny, or Claim a Lack of Knowledge**.

Cooke's seventeen partial denials also do not comply with Rule 36. While those answers assert that some anchoring components were inspected in certain years, Cooke has refused to provide complete answers that state its position with respect to *all* of the components at issue.

The Conservancy's discovery addressed all anchoring components below 100 feet. For example:

> **Request for Admission No. 149:**
> During calendar year 2016, Cooke did not inspect the potions of the anchoring components at the Hope Island facility located more than 100 feet below the surface of the water.

Knutsen Decl. 101. For some partial denials, Cooke asserts that specific anchors were inspected and that others "may" have been. *E.g.*, *id.* ("Based on a review of business records, anchor 25 was inspected . . . . Additional anchor components . . . may have also been inspected . . . ."). For other partial denials, Cooke vaguely states that an inspection occurred that included components below 100 feet; presumably meaning that some components were inspected and others were not. *E.g.*, *id.* at 103. For all of these partial denials, Cooke does not state its position with respect to components that Cooke does not affirmatively claim were inspected.

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 10
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

Rule 36 allows for three categories of answers: a party may admit a request, deny a request, or state in detail why the matter cannot be admitted or denied. Fed. R. Civ. P. 36(a)(4). "[W]hen good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* The rule does not allow Cooke to partially deny a request for admission and neither admit, deny, or claim a lack of knowledge for the remainder of the discovery request. *See Asea, Inc.*, 669 F.2d at 1245 ("[A]n evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." (citation omitted)); *Springer v. Gen. Atomics Aeronautical Sys.*, No. 16cv2331-BTM(KSC), 2018 U.S. Dist. LEXIS 9032, at *11–13 (S.D. Cal. Jan. 18, 2018) (rejecting nonresponsive answers).

Cooke partially denied seventeen requests for admission by claiming that some anchoring components were inspected, while refusing to state Cooke's position as to whether the remaining components were inspected.[5] These responses should be deemed admitted or, at a minimum, amended answers should be required. *See* Fed. R. Civ. P. 36(6).

## VI. CONCLUSION.

For the foregoing reasons, the Conservancy respectfully requests the Court enter an order determining that Cooke's answers to the requests for admission are inadequate and directing that the matters be deemed admitted or that amended answers be served.

RESPECTFULLY SUBMITTED this 17th day of January, 2019.

---

[5] These are Cooke's answers to Requests for Admission Nos. 111–12, 146, 148–49, 185–86, 219–22, 256–58, and 293–95.

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 11
Case No. 2:17-cv-01708-JCC

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

EARTHRISE LAW CENTER
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825

K<small>AMPMEIER</small> & K<small>NUTSEN</small>, PLLC

By: s/ Brian A. Knutsen
    Brian Knutsen, WSBA No. 38806
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
Tel, Email: (503) 841-6515, brian@kampmeierknutsen.com

Paul A. Kampmeier, WSBA No. 31560
615 Second Ave., Suite 360
Seattle Washington 98104
Tel, Email: (206) 223-4088 x 4, paul@kampmeierknutsen.com

E<small>ARTHRISE</small> L<small>AW</small> C<small>ENTER</small>

Kevin Cassidy (OSB #025296), *admitted pro hac vice*
Lia Comerford (OSB # 141513), *admitted pro hac vice*
Lewis & Clark Law School
10015 S.W. Terwilliger Blvd.
Portland, Oregon 97219
Tel, Email: (781) 659-1696, cassidy@lclark.edu
             (503) 768-6823, comerford1@lclark.edu

*Attorneys for Plaintiff Wild Fish Conservancy*

MOTION ON INSUFFICIENT ANSWERS
TO REQUESTS FOR ADMISSION - 12
Case No. 2:17-cv-01708-JCC

K<small>AMPMEIER</small> & K<small>NUTSEN</small> PLLC
221 S.E. 11th Ave., Suite 217
Portland, Oregon 97214
(503) 841-6515

E<small>ARTHRISE</small> L<small>AW</small> C<small>ENTER</small>
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
(503) 768-6825