THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

                Plaintiff,

      v.

COOKE AQUACULTURE PACIFIC, LLC,

                Defendant.

CASE NO. C17-1708-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to compel, for sanctions, and to modify case schedule (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.      **BACKGROUND**

Plaintiff filed this citizen suit pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging, among other things, that Defendant failed to adequately inspect and maintain eight Atlantic salmon farms it operated across the Puget Sound, in violation of its National Pollutant Discharge Elimination System permits. (Dkt. No. 1 at 6–7.) On December 13, 2018, Plaintiff served Defendant with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). (Dkt. No. 46-1 at 5.) Plaintiff identified 33 topics for which it sought testimony from Defendant. (*Id*. at 8–16.) As relevant to the present motion, topic 8 sought information regarding

inspections Defendant conducted on the anchoring components at each of its facilities.[1] (*Id.* at

11.) Topic 10 sought information regarding any maintenance Defendant had undertaken at its

facilities since 2012. (*Id.* at 12.) As part of its notice, Plaintiff also instructed Defendant to

produce any documents related to inspections conducted during the relevant period. (*Id.* at 16–

17) (citing Fed. R. Civ. P. 34).

After conferring, the parties agreed that Defendant would be deposed for two days on

February 28 and March 1, 2019. (*Id.* at 186.) Defendant designated its General Manager, Jim

Parsons, to testify on its behalf. (*Id.* at 25.) In the days leading up to the deposition, Defendant

produced more than 30,000 pages of documents, which were purportedly responsive to

Plaintiff's Rule 34 request as well as to topics 8 and 10.[2] (*Id.* at 209–13.) These documents

included, for example, dive logs that appear to show the removal of dead fish from Defendant's

facilities. (*Id.* at 289–313.)

Plaintiff asserts that Parsons was "unable and/or unwilling to testify on issues 8 and 10

identified in the deposition notice." (Dkt. No. 46 at 8.) Plaintiff states that Parsons was unable to

identify, with any specificity, who conducted the anchor inspections at Defendant's facilities or

when the inspections occurred. (*Id.* at 9.) Plaintiff further asserts that Parsons was unable to

testify about whether Defendant's anchor inspections revealed a need for maintenance or repair.

(*Id.*) Instead, Parsons repeatedly stated that the relevant information could be found in the

records Defendant produced to Plaintiff prior to the deposition. (*Id.*; *see, e.g.*, Dkt. No. 46-1 at

126–27.)

Plaintiff asks the Court to re-open Defendant's deposition so that it can fully respond to

questions regarding topics 8 and 10. (Dkt. No. 46 at 2.) In addition, Plaintiff asks for an award of

---

[1] Topic 8 included over a dozen specific inquiries, such as "how and where the
inspections were conducted, what dates the inspections were conducted, [and] who conducted the
inspections . . . ." (Dkt. No. 46-1 at 11.)

[2] Defendant refused to bring physical copies of the documents to the deposition because
they were too voluminous. (Dkt. No. 46-1 at 209–10.)

fees for bringing this motion and for its expenses incurred in having to conduct an additional

deposition. (*Id*. at 11–12.) Plaintiff also asks for a 45-day trial continuance based on Defendant's

delay in providing timely discovery responses. (*Id*. at 12–13.) Defendant argues that Parsons was

adequately prepared for his deposition, that an award of fees is not warranted, and that the Court

should keep the current trial schedule. (*See* Dkt. No. 49.)

## II.    DISCUSSION

### A.    Motion to Compel Additional Rule 30(b)(6) Deposition

Pursuant to Federal Rule of Civil Procedure 30(b)(6):

> [A] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . . The persons so designated shall testify as to the matters known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). As one court has noted, a corporation has "a duty to make a

conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6)

depositions and to prepare them to fully and unevasively answer questions about the designated

subject matter." *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999); *see also*

*Flowers v. Fred Hutchinson Cancer Research Ctr.*, Case No. C17-0989-JCC, Dkt. No. 75 at 7

(W.D. Wash. 2018) (holding that defendant failed to prepare a corporate designee who could not

answer questions regarding one out of thirty topics). A party may move for an order compelling

discovery where a Rule 30 deponent fails to answer questions. Fed. R. Civ. P. 37(a)(3)(B)(i).

Rule 37 instructs courts to treat a deponent's "evasive or incomplete" answer as a failure to

answer. Fed. R. Civ. P. 37(a)(4).

The Court has read the relevant deposition transcript and concludes that Parsons was not

adequately prepared to testify about the matters included in topics 8 and 10 of Plaintiff's

deposition notice. (*See* Dkt. No. 46-1 at 64–150.) The following excerpt is characteristic of

Parsons' answers to Plaintiff's questions concerning the inspection of anchoring components as

described in topic 8:

> **Counsel:** In 2018, did Cooke inspect all of the anchoring components at Hope Island?
>
> **Parsons:** Yes.
>
> **Counsel:** Did Cooke visually inspect those anchoring components in 2018 all the way down to the anchors?
>
> **Parsons:** Yes.
>
> **Counsel:** Are you able to identify who conducted those inspections?
>
> **Parsons:** Again, they would be members of the dive crew at Hope Island. Those names would be reflected in the dive logs.
>
> **Counsel:** Can you provide those names today?
>
> **Parsons:** Those names are on company personnel lists and in the dive records.
>
> **Counsel:** Can you provide the dates that those inspections occurred?
>
> **Parsons:** Again, the same answer, those are on daily logs and dive records and part of Cooke's knowledge.
>
> **Counsel:** You're unable to provide the days when those inspections occurred today?
>
> **Parsons:** I believe that I have. They are part of the record.
>
> **Counsel:** Your answer is that they are part of the record?
>
> **Parsons:** Yes.

(*Id*. at 126–27.)[3] The following excerpt is characteristic of Parsons' answers to Plaintiff's questions concerning the need for repair of anchoring components as described in topic 10:

> **Counsel:** Do you know whether the underwater inspections of underwater anchoring components at Hope Island in 2015 indicated a need to replace or repair anchoring components?
>
> **Parsons:** Again, that company knowledge would be reflected in the vessel repair logs. If indeed a problem was found, those anchors are then brought to the surface and repaired. If a problem isn't noted, the inspection is simply noted on the dive logs.
>
> **Counsel:** So you are not able to answer whether or not any notes indicated a need for repairs or replacements in 2015 of the anchoring components?

---

[3] The Court omitted two form-of-the-question objections interposed by defense counsel during this exchange. (*See* Dkt. No. 46-1 at 126–27.)

**Parsons:** The company knowledge would reflect that and would have been provided to you.

**Counsel:** You're not able to testify as to that today?

**Parsons:** I'm not testifying personally. I'm testifying on behalf of Cooke Aquaculture Pacific. And the full company knowledge is reflected in the record.

(*Id*. at 133) (*see also id.* at 144).

Parsons' answers to the above questions were evasive because they failed to provide a responsive answer and instead vaguely referred Plaintiff to various documents "in the record." (*See id.* at 60–148.) As an initial matter, a Rule 30(b)(6) deponent does not meet his or her duty to testify to a corporation's knowledge simply by pointing opposing counsel to other discovery documents that have been produced. *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("[A] corporation may not take the position that its documents state the company's position.").

Parsons' repeated references to documents in the record were particularly evasive in light of the way in which Defendant produced those documents to Plaintiff. Just days before the deposition, Defendant inundated Plaintiff with over 30,000 documents that it suggested were relevant to topics 8 and 10. (Dkt. Nos. 46 at 6, 46-1 at 209–13.)[4] Having reviewed dozens of the documents that Defendant and Parsons suggested were responsive to the topics of anchor inspections and maintenance, the Court finds that it is not facially clear how the documents address those topics. (*See, e.g.*, Dkt. No. 46-1 at 290–313, 315–27.) The Court would be more understanding of Defendant's position that Plaintiff's counsel should have presented Parsons with the responsive documents during the deposition had Defendant not engaged in eleventh hour disclosure and been clearer about how the documents related to Plaintiff's deposition topics.

The combination of Defendant's last-minute disclosure of documents and Parsons' references to documents in "the record" frustrated Plaintiff's ability to develop testimony

---

[4] It also appears from the record that Plaintiff sought much of this information for approximately a year through the use of interrogatories, requests for production, and requests for admission. (*See* Dkt. No. 25-1 at 33–35.)

regarding topics 8 and 10. With regard to those topics, Defendant did not meet its duty under Rule 30(b)(6) to prepare Parsons to fully and unevasively answer questions. Pursuant to Rule 37, Plaintiff shall be allowed to depose Defendant for one additional day not to exceed seven hours.

### B.    Motion for Fees

When a court grants a Rule 37 motion to compel it must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, such sanctions are not warranted if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). The Court may also require a corporate defendant to pay for the costs of reconvening a Rule 30(b)(6) deposition. *See Lains v. Am. Family Mut. Ins. Co.*, Case No. C14-1982-JCC, Dkt. No. 172 at 3 (W.D. Wash. 2016).

While the Court has found that Defendant failed to adequately prepare Parsons to answer questions regarding topics 8 and 10, the Court does not believe that Parsons was so ill-prepared that an award of expenses or other monetary sanctions is appropriate. Plaintiff provided Defendant with 33 deposition topics, most of which had numerous subtopics. (*See* Dkt. No. 46-1 at 8–16.) Plaintiff has only demonstrated that over the course of two days, Parsons provided evasive answers regarding 2 out of 33 topics. Additionally, Defendant states that Parsons spent approximately 100 hours preparing for the deposition. (Dkt. No. 50 at 2.) Under the circumstances, the Court finds that an award of expenses or other monetary sanctions would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Plaintiff's motion for attorney fees and expenses is DENIED.

//

C. **Motion to Continue Trial**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a court's scheduling order can be modified "only for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and internal quotation marks omitted).

Here, Plaintiff has demonstrated good cause to continue the current case schedule. All expert disclosures are currently due by April 26, 2019, discovery closes on May 24, 2019, and trial is scheduled for September 23, 2019. (*See* Dkt. No. 20.) Defendant's delay in producing discovery has prevented Plaintiff from adequately preparing its expert witness within the current case deadlines. (*See* Dkt. No. 46 at 12–13.) The need for an additional Rule 30(b)(6) deposition provides another justification for a continuance. The Court finds that Plaintiff cannot meet the current case deadlines notwithstanding its diligence. Therefore, Plaintiff's motion to modify case schedule is GRANTED.

III. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel, for sanctions, and to modify case schedule (Dkt. No. 46) is GRANTED in part and DENIED in part. In accordance with the Court's order:

1. Plaintiff may depose Defendant for one additional day not to exceed seven hours. Plaintiff shall be limited to asking questions regarding topics 8 and 10 as listed in its notice of deposition (Dkt. No. 46-1 at 11–12.) The deposition shall be noted for no later than June 30, 2019.

2. Plaintiff's request for fees and expenses is DENIED.

3. The bench trial currently scheduled for September 23, 2019, is hereby CONTINUED to December 2, 2019. No later than April 26, 2019, the parties shall file a joint motion

1    proposing an amended pretrial schedule.

2        DATED this 19th day of April 2019.

3

4

5        John C. Coughenour
         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C17-1708-JCC
PAGE - 8