THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

        Plaintiff,

v.

COOKE AQUACULTURE PACIFIC LLC,

        Defendant.

CASE NO. C17-1708-JCC

CONSENT DECREE

## I. STIPULATION

Plaintiff Wild Fish Conservancy ("Conservancy") issued notice of intent to sue letters dated August 24, 2017 and September 6, 2017 and filed a complaint on November 13, 2017 under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Defendant Cooke Aquaculture Pacific, LLC ("Cooke") is in violation of certain terms and conditions of the National Pollutant Discharge Elimination System ("NPDES") permits issued for Cooke's Atlantic salmon net pens in Puget Sound.

The Conservancy's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

Cooke and the Conservancy (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Conservancy's notice of intent to sue letters and complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

| WILD FISH CONSERVANCY | COOKE AQUACULTURE PACIFIC, LLC |
|---|---|
| By: s/ Kurt Beardslee<br>Kurt Beardslee, Executive Director | By: s/ Rod Gould<br>Rod Gould, Chief Legal Officer |
| KAMPMEIER & KNUTSEN, PLLC | NORTHWEST RESOURCE LAW, PLLC |
| By: s/ Brian A. Knutsen<br>Brian A. Knutsen, WSBA No. 38806<br>Attorney for Wild Fish Conservancy | By: s/ Douglas J. Steding<br>Douglas J. Steding, WSBA No. 37020<br>Attorney for Cooke Aquaculture Pacific, LLC |

## II. ORDER

This matter comes before the Court on the foregoing stipulations of the Parties and the Parties' joint motion for entry of consent decree (Dkt. No. 124). The United States does not oppose entry of the consent decree. (*See* Dkt. No. 125.) Having considered the stipulations above and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree and any injunctive relief ordered within applies solely to Cooke's operation and oversight of the following Atlantic salmon net pen facilities (collectively, the "Facilities"):

    a. Cypress Island Site 1, located in Deepwater Bay of Cypress Island, Skagit County, Washington, and subject to NPDES Permit No. WA-003156-9;

    b. Cypress Island Site 3, located in Deepwater Bay of Cypress Island, Skagit County, Washington, and subject to NPDES Permit No. WA-003158-5;

    c. Hope Island, located in Skagit Bay north of Hope Island, Skagit County, Washington, and subject to NPDES Permit No. WA0031593;

    d. Orchard Rocks, located in Rich Passage south of Bainbridge Island, Kitsap County, Washington, and subject to NPDES Permit No. WA0031542;

    e. Fort Ward, located in Rich Passage south of Bainbridge Island, Kitsap County, Washington, and subject to NPDES Permit No. WA0031534;

    f. Clam Bay, located in Clam Bay near Manchester Research Station, Kitsap County, Washington, and subject to NPDES Permit No. WA0031526; and

    g. Port Angeles, located near the City of Port Angeles, Clallam County, Washington, and subject to NPDES Permit No. WA004089-4.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Conservancy's notice of intent to sue letters and complaint and all other claims known or unknown existing as of the date of entry of this Consent Decree, related to discharges of pollutants made under the NPDES permits identified above, including prior iterations of those NPDES permits (collectively, the "Permits") that could be asserted under the CWA against

Cooke, its officers, directors, employees, shareholder, consultants, contractors, or agents. This Consent Decree is also a full and complete settlement and release of all claims alleged in Conservancy's notice of intent to sue letters and complaint and all other claims known or unknown existing as of the date of entry of this Consent Decree, related to discharges of pollutants from the former net pen facility Cypress Island Site 2, located in Deepwater Bay of Cypress Island, Skagit County, Washington, and that was subject to NPDES Permit No. WA-003157-7 that could be asserted under the CWA against Cooke, its officers, directors, employees, shareholder, consultants, contractors, or agents. These claims are released and dismissed with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Conservancy in this case or of any fact or conclusion of law related to those allegations.

6. Cooke agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

    a. Cooke shall fully comply with the Permits or any successor NPDES permit authorizing discharges of pollutants from the Facilities;

    b. Before Cooke restocks any of its Facilities with salmonids, it shall have conducted load analyses using numerical modeling for such Facility to be restocked, including the mooring system and the main cage systems, to evaluate whether the various components are suitable for the environmental conditions at the individual site. These studies shall use data on environmental conditions that are consistent with the Norwegian aquaculture standard NS 9415. Cooke shall provide the Conservancy a copy of the report generated for each such load analyses within fourteen (14) days of completion of each such report;

    c. Before Cooke restocks any of its Facilities with salmonids, it shall have completed any upgrades, modifications, and/or replacements determined to be necessary to meet applicable safety standards through the load analyses described in the preceding sub-paragraph.

Cooke shall notify the Conservancy of Cooke's completion of these efforts within fourteen (14) days of completion of all upgrades, modifications and/or replacements conducted at a Facility;

       d.     Upon entry of this Consent Decree, Cooke shall generate records for each inspection of all or part of a mooring system or main cage system at the Facilities conducted under the requirements of the Permits and Cooke shall maintain such records for a minimum of three (3) years;

       e.     Upon entry of this Consent Decree and for a period of three (3) years, Cooke shall, no later than forty-five (45) days following each calendar quarter, send via e-mail to the Conservancy copies of any correspondence that Cooke has transmitted to the Washington Department of Ecology during the previous calendar quarter that is a required submittal under the Permits;

    7.     In lieu of a penalty, Cooke shall make payments totaling one million, one hundred and fifty thousand dollars ($1,150,000.00) to the Rose Foundation for Communities and the Environment for projects to improve the water quality and/or aquatic habitat of Puget Sound. Such payments shall be made by checks payable and mailed to Rose Foundation for Communities and the Environment, 201 4th Street, Suite 102, Oakland, California 94607-4369, and shall bear the notation "Wild Fish Conservancy v. Cooke Aquaculture Pacific, LLC Clean Water Act Settlement," with copies provided to the Conservancy at that same time. The payments shall be made as follows: a payment of two hundred and seventy-five thousand dollars ($275,000.00) shall be made no later than June 30, 2020; a payment of three hundred and seventy-five thousand dollars ($375,000.00) shall be made no later than June 30, 2021; and a payment of five hundred thousand dollars ($500,000.00) shall be made no later than June 30, 2022.

    8.     Within seven (7) days of entry of this Consent Decree, Cooke shall pay the Conservancy's litigation expenses and costs, including attorney and expert fees, in the amount of one million, six hundred thousand dollars ($1,600,000.00) in full and complete satisfaction of

any claims the Conservancy may have under the Clean Water Act for litigation expenses and costs, including attorney and expert fees. Such payments shall be made by check payable and mailed to: Kampmeier & Knutsen, PLLC, 221 S.E. 11th Avenue, Suite 217, Portland, Oregon 97214. The Conservancy's above-signed counsel hereby certifies that the actual litigation expenses and costs, including attorney and expert fees, incurred in this matter equal or exceed one million, six hundred thousand dollars ($1,600,000.00).

9. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d).

10. This agreement shall take effect upon entry of the Consent Decree by the Court.

11. The provisions of this Consent Decree shall terminate three years from the date of entry of the Consent Decree or upon compliance with the payment obligations in Paragraphs 7 and 8 of this Consent Decree, whichever is later.

12. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other

addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

| For the Conservancy: | For Cooke: |
|---|---|
| Wild Fish Conservancy<br>c/o Kurt Beardslee<br>P.O. Box 402<br>Duvall, WA 98019<br>kurt@wildfishconservancy.org | Cooke Aquaculture Pacific, LLC<br>c/o James Parsons<br>4019 21st Ave.<br>Seattle, WA 98119<br>jim.parsons@cookeaqua.com |
| Kampmeier & Knutsen, PLLC<br>c/o Brian Knutsen<br>221 S.E. 11th Ave., Suite 217<br>Portland, OR 97214<br>brian@kampmeierknutsen.com | Northwest Resource Law, PLLC<br>c/o Douglas J. Steding<br>101 Yesler Way, Suite 205<br>Seattle, WA 98104<br>dsteding@nwresourcelaw.com |

13. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

14. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

15. If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree.

16. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. Cooke shall comply with all requirements of this Consent Decree within the time periods specified herein. If any event occurs that is outside of the reasonable control of Cooke (a "force majeure event" as further defined below), which causes a delay in performing tasks

required by this Consent Decree, the delay shall not constitute a failure to comply with the terms of this Consent Decree, provided that Cooke has submitted written notification to the Conservancy no later than seven (7) days after the date that Cooke first concludes that such event has caused or will cause noncompliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, the measures taken or to be taken to prevent or minimize non-compliance, and a schedule for implementation of the measure to be taken.

A force majeure event shall include, but not be limited to the following, to the extent they are outside the reasonable control of Cooke and cannot be overcome by diligence:

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which Cooke has no control;

    d. Adverse weather conditions or unusual delay in transportation;

    e. Restraint by court order or order of public authority;

    f. Governmental approvals and authorizations;

    g. Strikes; and

    h. Any other litigation or arbitration that causes delay.

Provided that Cooke complies with the notice provision of this paragraph, then in the event that Cooke fails to comply or anticipates failing to comply with the requirements of this Consent Decree because of a force majeure event, Cooke's failure to comply, as described in the written notice to the Conservancy under this paragraph, shall not be a violation of this Consent Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

18. The Parties recognize that, under 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act citizen suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S.

Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, the Conservancy will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED this 11th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE